Daniel, Judge.
 

 — An oral contract, agreeing with that stated in the declaration, may be proved by any competent witness, who was present at the time, or who heard the defendant admit the existence of such contract. In two classes of cases, however, parol evidence is inadmissible. First, where the parties have entered into a written contract, for that is the best and only evidence of the intention of the parties, so long as it exists, that can be produced. Secondly, where written evidence of the contract is expressly required by law. 2 Starkie, 81. It is a general rule, that where an agreement has been reduced to writing, evidence of oral declarations, made at the same time, shall not be admitted to contradict or to alter it: for where the terms of an agreement are reduced to writing, the document itself, being constituted by the parties them
 
 *251
 
 selves, as the true and proper expositor of their admissions and intentions, is the only instrument of evidence in respect of that agreement, which the law will recognise, so long as itfexists, for the purposes of evidence. 3 Starkie, 1002. Where a contract was entered into for the sale of goods, and a bill of sale was afterwards executed, it was held, that the bill of sale was the only evidence of the contract which could be received.
 
 Lano
 
 v.
 
 Neale, 3
 
 Eng. Com. Law Rep. 267. The previous contract there, was for a ship,
 
 forty
 
 tons of iron kintlage, &c.; the bill of sale was of a ship, together with all stores, &c., in the usual form, and silent as to kintlage; and held, that the vendee could not recover for the non-delivery of the kintlage. So, where the agreement specified the rent and the term, but was silent as to the taxes, the Court refused to receive parol evidence on the part of the lessor, that previously to the drawing up of the memorandum, it had been agreed and understood by the parties, that the rent was to be paid, clear of all taxes.
 
 Rich
 
 v.
 
 Jackson,
 
 4’ Bro. Ch. C. 515. The same rule in the cases of
 
 Preston
 
 v.
 
 Merceau,
 
 2 Sir Will. Bla. Rep. 1249, and
 
 Rolleston
 
 v.
 
 Hibbert,
 
 3 Term Rep. 413. Again, parol evidence was refused to the plaintiff to prove a warranty of the soundness of a slave, when there was a written instrument conveying the slave, and containing a warranty of title only.
 
 Smith
 
 v.
 
 Williams,
 
 1 Car. Law Rep. 363. S. C. l Murph. 426. For, say the Court, if they meant to be bound by any such warranty, they might have added it to the writing, and thus have given to it a clearness, a force, and a distinctness, which it could not have by being trusted to the memory of a witness. We think that the decision made by the Judge in the Superior Court was correct, and therefore the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.